UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

United States District Court
Northern District of California

ADVENUE LTD.,

Petitioner,

v.

VDOPIA, INC., et al.,

Respondents.

Case No. 26-mc-80199-JST

**ORDER GRANTING MOTION FOR EXTENSION OF TIME AND DENYING AS MOOT MOTION FOR LEAVE TO FILE A REPLY**

Re: ECF Nos. 20, 23

Before the Court are Respondent Saurabh Bhatia's motion to reopen briefing on Petitioner Advenue Ltd.'s petition to confirm international arbitral award, ECF No. 20, and motion for leave to file a reply in support thereof, ECF No. 23. The Court will grant the motion for an extension and deny as moot the motion for leave to file a reply.

Under Federal Rule of Civil Procedure 6(b)(1)(B), a court may grant a post-deadline extension of time where "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1261 (9th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

These factors weigh in favor of granting relief. The petition was filed on July 3, 2026, ECF No. 1, and Bhatia's deadline to respond was August 26, 2026, ECF No. 4. Bhatia now requests 14 days to file its opposition to the petition and an additional seven days for Advenue to file its reply. ECF No. 20 at 1. Though Advenue strenuously opposes this request, *see* ECF No.

United States District Court
Northern District of California

22, it does not argue that the extension would prejudice it in any way. *See Ahanchian*, 624 F.3d at 1261. Moreover, the modest delay—40 days from the August 26 deadline to the filing of this motion—will have minimal impact on the proceeding, as the Court has yet to rule on the petition. *See id.*

Advenue nonetheless insists that the third factor—the reason for Bhatia's delay—weighs decisively against relief. *See* ECF No. 22 at 3–5. The Court disagrees. Bhatia asserts that he failed to respond by the August 26 deadline because he was unaware of the petition until September 28, 2026. ECF No. 20 at 1. Though Advenue filed a notice of service indicating Bhatia was personally served at his home in Fremont, California, on July 15, 2026, Bhatia claims he was not served and submits plane, hotel, and other receipts showing he was in New York at that time. ECF No. 20 at 1–2; ECF No. 20-2 at 2–36. Advenue also contends that it sent the petition to an email Bhatia had offered as a contact address in the related international arbitration proceeding, ECF No. 22 at 1–2, but Bhatia asserts that he lost access to that email in 2023, ECF No. 21 at 2. Though Advenue insists that Bhatia was "responsible for keeping that channel open or replacing it," ECF No. 22 at 3, it offers no evidence that Advenue acted in bad faith in failing to do so, *see Ahanchian*, 624 F.3d at 1261. These factors, therefore, also favor relief.

Accordingly, the Court grants Bhatia's motion for an extension of time, ECF No. 20. Bhatia shall file an opposition to Advenue's petition within 14 days of this order, and Advenue shall file a reply within 14 days of the filing of Bhatia's opposition. The Court denies as moot Bhatia's motion for leave to file a reply, ECF No. 23.

**IT IS SO ORDERED.**

Dated: October 26, 2026

JON S. TIGAR
United States District Judge